KLEIN, Judge.
We grant certiorari and quash an order requiring petitioner Kassover to answer questions which would violate his Fifth Amendment privilege against self-incrimination.
Respondent plaintiff sued petitioners for damages for negligence and breach of contract, alleging that they abandoned repair work on her pool, without refilling the pool, resulting in damage when the pool rose because of a high surrounding water level. Petitioner Kassover is the president of Best Pool, and the complaint alleged that he had personally negligently performed the work resulting in the damage.
Plaintiff propounded interrogatories asking defendants whether there was insurance coverage for these damages, and defendants responded that there was no insurance applicable to the incident. Plaintiff then requested production of all policies of liability insurance in effect as of certain dates, and defendants responded that there were none.
Broward County has an ordinance requiring “public liability and property damage insurance for the safety and welfare of the public” as a condition for issuing a license for pool maintenance contractors. Plaintiff asked Kassover questions at his deposition about his certifying to the county, in his application for a license, that there was liability insurance. Kassover refused to answer on the ground of self-incrimination. Plaintiff had obtained the county’s file and claimed relevancy because Kassover had certified under oath to the county that Best Pool did have liability insurance coverage when plaintiff’s pool was damaged. The lower court ordered Kassover to answer the questions which resulted in this petition for certiorari.
Kassover argues that if he has to answer these questions regarding having certified that he had insurance, it could lead to county-imposed penalties or criminal charges pursuant to section 831.01, Florida Statutes (1991), which makes it a crime to make false public records, certificates, etc. We agree that requiring Kass-over to answer these questions does violate his right against self-incrimination, which applies not only to criminal matters but also administrative proceedings such as licensing. State ex rel. Vining v. Florida Real Estate Commission, 281 So.2d 487 (Fla.1973).
We therefore grant certiorari and quash the order insofar as it requires answers which could violate Kassover’s right against self-incrimination.
HERSEY, J., and OWEN, WILLIAM C., Jr., Senior Judge, concur.